Andrea Comfort Martinez
Missouri Bar 59834/District of KS ID: 4180895
Martinez Immigration Law LLC
7000 NW Prairie View Rd., Ste. 260
Kansas City, MO 64151
andrea@martinezimmigration.com

Megan Bourne Galicia
Missouri: 69084/District of KS ID: 79287
Martinez Immigration Law LLC
7000 NW Prairie View Rd., Ste. 260
Kansas City, MO 64151
megan@martinezimmigration.com

Counsel for the Plaintiffs

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| Heba Abdallah AHMED and <br> Saad Awil Ali ABDI <br><br> **Plaintiffs,** <br><br> v. <br><br> Joseph B. EDLOW, <br> Director of U.S. Citizenship and <br> Immigration Services and Director of <br> USCIS Potomac Service Center, and <br><br> U.S. Citizenship and Immigration Services <br><br> **Defendants** | Civ. Action No..: |

**PLANTIFFS' COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF
AND A WRIT OF MANDAMUS**

1. This action is brought by the Plaintiffs, Heba Abdallah Ahmed and Saad Awil Ali Abdi, against the Defendants to compel action on a pending I-130, Petition for Alien Relative, which was properly filed by the Plaintiffs on April 15, 2025. The application remains within the jurisdiction of the Defendants, who have improperly withheld action on said application, causing harm to the Plaintiffs.

## JURISDICTION

2. Jurisdiction in this case is proper under 28 U.S.C. §§ 1331 and 1361. Relief is requested pursuant to 5 U.S.C. § 701 et seq., and 28 U.S.C. § 2201 et seq. Defendants have waived sovereign immunity pursuant to 5 U.S.C. § 702.

## VENUE

3. Venue in this case is proper pursuant to 28 U.S.C. §1391(e) because Defendants are an officer and agency of the United States, the Plaintiffs reside in Lawrence, Kansas, and no real property is involved in the case.

## PARTIES

4. Plaintiff Heba Abdallah Ahmed is a United States citizen who resides in Lawrence, Kansas. She is married to Plaintiff Saad Awil Ali Abdi. On April 15, 2025, Ms. Ahmed filed an I-130 petition with Defendants on her husband's behalf as the first step toward him applying for lawful permanent residence. Defendants have not yet adjudicated that I-130 petition.

5. Plaintiff Saad Abdi is a Somali citizen married to Plaintiff Heba Ahmed and resides with her in Lawrence, Kansas. Mr. Abdi is the beneficiary of the I-130 petition filed by his wife.

6. Defendant Joseph B. Edlow is the Director of U.S. Citizenship and Immigration Services (USCIS), which includes the USCIS Potomac Service Center where the Plaintiffs' I-130 petition is currently pending. As such, Director Edlow has ultimate responsibility for all operations of USCIS, including the adjudication of I-130 petitions such as that filed by Ms. Ahmed on behalf of her husband Mr. Abdi. Director Edlow is sued in his official capacity.

7. USCIS is the federal agency responsible for adjudicating immigrations petitions, including the I-130 petition filed by Ms. Ahmed. USCIS is an agency within the meaning of the Administrative Procedures Act (APA), 5 U.S.C. 551(1).

## OVERVIEW OF THE LAW

8. There are several steps that a noncitizen and their U.S. citizen spouse must take for the noncitizen to obtain lawful permanent resident status in the United States. First, the U.S. citizen spouse must file a Form I-130 "Petition for Alien Relative with USCIS" on behalf of their noncitizen spouse with USCIS. The I-130 petition is the couple's opportunity to prove to USCIS that their marriage is "bona fide" (i.e., was entered into for love and not solely for an immigration benefit). Provided other eligibility factors are met, a noncitizen's bona fide marriage to a U.S. citizen provides a basis for the noncitizen to adjust his status to that of a lawful permanent resident.

9. If the noncitizen entered the United States with admission or parole, as is the case here, the married couple can file a Form I-485 Application to Adjust Status with USCIS either concurrently with the I-130 petition or after USCIS approves the I-130 petition. The I-485 form is the application for the noncitizen spouse to obtain lawful permanent residence (i.e., a "green card") in the United States.

10. USCIS is responsible for deciding both the I-130 and the I-485 petitions for the couple and for ultimately granting the noncitizen their lawful permanent resident status.

11. In addition to granting lawful permanent resident status to eligible noncitizens, USCIS also holds the authority to grant Temporary Protected Status (TPS) to eligible noncitizens. TPS is a form of humanitarian relief that provides temporary lawful status and protection from deportation to foreign nationals of countries living in the United States at the time that the Secretary of the Department of Homeland Security (DHS) designates their home country for TPS. The Secretary's designation is a determination that, due to an ongoing crisis, such as armed conflict, environmental disaster, or civil unrest, it is unsafe for such nationals to return to their home country.

12. TPS provides protection from removal (deportation) from the United States for those granted TPS with final orders of removal. TPS also allows the noncitizen to apply for work authorization and the ability to apply for international travel permission. USCIS adjudicates the TPS application, the employment authorization document application, and the international travel authorization application.

13. On September 16, 1991, the DHS Secretary first designated Somalia for TPS. That designation has been extended through March 17, 2026, when it is set to expire. On information and belief, based upon the current DHS Secretary's decision not to extend the TPS designation of numerous other countries, it is likely that she will not extend the TPS designation for Somalia beyond March 17, 2026. If that were to happen, all Somalian TPS holders would lose their lawful status. Those already under a final order of removal would be subject to detention and immediate removal.

14. Enforcement actions (deportations) at the U.S. Department of Homeland Security (DHS) are at an all-time high in the year 2025. The DHS.gov website cites that more than 527,000 deportations have occurred since Donald Trump was sworn in as President on January 20, 2025 and that DHS is on pace to deport over 600,000 immigrants by the end of the calendar year.

15. President Trump has set aggressive internal targets or goals for the number of daily arrests and overall annual deportations expected to be achieved by DHS, along with policy changes designed to increase enforcement activity. DHS Immigration and Customs Enforcement (ICE) has been directed to meet a goal of a minimum of 3,000 arrests per day, an increase from earlier targets of 1,200 to 1,500 per day.

16. USCIS' policy for arresting and detaining people at interviews has varied over time; however, under the current administration, there are reports of coordination between USCIS and ICE to arrest people applying for immigration benefits when they attend in-person interviews for those benefits. For example, in April of 2025, a Kansas woman was detained during an interview at the USCIS Kansas City Field Office. The American Immigration Lawyers Association (AILA) issued a statement in July 2025 reporting increased cases of ICE presence and arrests at USCIS interviews.  (https://www.aila.org/policy-brief-ice-arrests-at-uscis-field-offices-undermine-u-s-immigration-processes)

## FACTS

17. Plaintiff Saad Awil Ali Abdi is a Somali citizen. He entered the United States on an F-1 student visa on August 12, 2001, and attended Central Missouri State University. In 2004, Mr. Abdi was unable to re-enroll in the university for financial reasons. His student status was terminated, and he was placed in removal proceedings and charged with being removable for failing to maintain his F-1 nonimmigrant status.

18. On May 15, 2006, Mr. Abdi appeared *pro se* at a hearing at the Kansas City Immigration Court and was granted voluntary departure without being advised that he was eligible for Temporary Protected Status (TPS). Because Mr. Abdi did not depart the U.S., his voluntary departure order became a final order of removal. Mr. Abdi attempted to reopen removal proceedings and rescind his removal order through prior counsel, but the motion was denied on September 8, 2006.

19. Mr. Abdi was initially granted TPS protection in 2007. On January 29, 2025, USCIS approved Mr. Abdi's application to extend his TPS through March 17, 2026.

20. TPS provides Mr. Abdi with protection from deportation despite his existing removal order. However, the future of TPS for Somalia remains uncertain, as there is no publicly available information on whether the Department of Homeland Security will extend it. On information and belief, TPS for Somalia may not be extended. DHS has been systematically terminating TPS for other countries, most recently for South Sudan, and Somalia is likely to lose its TPS designation a well in the current Administration.

21. If TPS for Somalia is ended, Mr. Abdi will have no protection from deportation after March 17, 2026 when his TPS expires. He will therefore be removed to Somalia as opposed to granted lawful permanent resident status in the US to remain with his U.S. citizen wife and daughter if his I-130 petition is not expedited.

22. Mr. Abdi's TPS approval notice confirms that he is protected "under section 244 of the Immigration and Nationality Act…from removal (or deportation)" and has the right to apply for employment authorization and/or international travel permission from DHS. These protections last only for as long as Mr. Abdi holds TPS. Thus, if the Secretary of DHS

terminates the TPS designation for Somalia, Mr. Abdi's status TPS status will end, and he will be subject to being removed pursuant to the outstanding removal order.

23. On December 4, 2022, Mr. Abdi married Heba Abdallah Ahmed, a U.S. citizen. The couple had a U.S. citizen daughter together on October 27, 2003. Subsequently, on April 15, 2025, Ms. Ahmed filed an I-130 petition on behalf of her husband Mr. Abdi. The I-130 petition is currently pending at the USCIS Potomac Service Center. While some I-130 petitions are approved without an interview, it is common for USCIS to require in-person interviews for marriage-based I-130 petitions. Where an interview is scheduled, both spouses must attend. It is at this interview where an unprecedented number of immigrants have been detained since January 20, 2025.

24. Upon approval of his I-130 petition, Mr. Abdi intends to request that the immigration court reopen his removal case, which would automatically nullify the existing removal order, enabling him to apply for permanent residency through his marriage.

25. The current processing time for I-130 petitions filed by a U.S. citizen on behalf of a spouse is approximately 17 months, indicating that 80 percent of all such petitions are decided by USCIS within this time frame. Given the current estimated processing time for an I-130 petition at USCIS, Mr. Abdi's petition will not be adjudicated before his TPS expires. Without TPS, he will be at risk of arrest, detention and removal at any time. This risk will be much greater if USCIS schedules an interview on his wife's pending petition after his TPS status expires. He could then be at additional risk of deportation to Somalia instead of being able to request reopening of his removal order before the immigration court and then, once his removal order is reopened, applying to become a lawful permanent resident of the United States. Deportation

of Mr. Abdi to Somalia would cause both Plaintiffs and their 2-year-old U.S. citizen daughter irreparable harm.

26. Over the past six months, the Plaintiffs have submitted two "expedite requests" to USCIS. In their expedite requests, the Plaintiffs asked USCIS to expedite the adjudication of their I-130 petition based on humanitarian grounds. Namely, they cited the aforementioned reasons regarding the risk of deportation of Mr. Abdi to the war-torn country of Somalia and the hardship to his U.S. citizen wife and daughter if he were deported. On May 2, 2025, the Plaintiffs submitted their first expedite request to USCIS, and provided proof of the reason for their urgency, but USCIS denied their request. On May 6, 2025, the Plaintiffs submitted a second expedite request to USCIS, but their request was again denied.

27. As of this date, USCIS has failed to adjudicate the Plaintiffs' I-130 Petition for Alien Relative. The Plaintiffs have provided all documentation necessary for USCIS to adjudicate their application to establish that they are in a *bona fide* relationship. The Plaintiffs have paid the correct fee for their pending I-130 petition and have complied in all respects with the relevant statutory requirements set forth in the Immigration and Nationality Act ("INA") regarding their pending petition.

28. The petition has now been pending with the Defendant, USCIS, for six months. The Defendants' delay in adjudicating the Plaintiffs' pending I-130 Petition for Alien Relative has caused the Plaintiffs to suffer constant anxiety, to put their life on hold, and to place Mr. Abdi at risk of deportation to Somalia. The Plaintiff, Mr. Abdi, is statutorily eligible to adjust his status to lawful permanent resident and has no criminal record. The USCIS' failure to adjudicate the Plaintiff's application has had a profound impact on both Plaintiffs and they are entitled to a decision on their application.

29. The Defendants, in violation of the Administrative Procedure Act, 5 U.S.C. § 701 et seq., are unlawfully withholding or unreasonably delaying action on the Plaintiffs' I-130 application. Considering relevant factors and most significantly the harm to Plaintiffs from Defendants' delay and the absence of evidence that expediting the agency's action would harm competing priorities, Defendants' delay is unreasonable in this case. *See, e.g., Telecomms. Rsch. and Action Ctr. v. FCC*, 750 F.2d 70, 80 (D.C. Cir. 1984).

30. The Plaintiffs now seeks an order from this honorable Court requiring the Defendants to promptly and expeditiously adjudicate their I-130 Petition for Alien Relative.

## CLAIMS FOR RELIEF

### COUNT ONE
### Administrative Procedure Act, 5 U.S.C. § 706

31. Plaintiffs reallege and incorporate by reference the allegations in paragraphs 1-30 above.

32. The Administrative Procedure Act (APA), 5 U.S.C. § 555(b), requires administrative agencies to act upon matters presented to them "with due regard for the convenience and necessity of the parties or their representatives and within a reasonable time." The APA further provides that federal courts "shall . . . compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1) (emphasis added).

33. Defendants have a nondiscretionary obligation to adjudicate Plaintiffs' I-130 petition.

34. Plaintiffs are entitled under the INA and regulations to have their petition adjudicated within a reasonable time. They have suffered a "legal wrong" and are persons aggrieved by agency action under the APA because Defendants have failed to adjudicate their I-130 petition.

35. By failing to adjudicate their petition in an expeditious manner despite their qualifications based on humanitarian factors, the Defendants have "unlawfully withheld or unreasonably delayed" the adjudicative function delegated to them by law in violation of 5 U.S.C. § 706(1).

36. Plaintiffs are entitled to relief under the APA in the nature of an order compelling Defendants to immediately adjudicate their I-130 petition.

**COUNT TWO**
**MANDAMUS ACT, 28 U.S.C. § 1361**

37. Plaintiffs reallege and incorporate by reference the allegations in paragraphs 1-36 above.

38. Defendants have a mandatory, nondiscretionary duty to adjudicate Plaintiffs' I-130 petition.

39. Plaintiffs have a clear right to the adjudication of their I-130 petition within a reasonable time. 5 U.S.C. § 555(b).

40. Defendants have failed to adjudicate the I-130 petition within a reasonable time based on the urgent humanitarian factors set forth in this case.

41. Plaintiffs have no adequate remedy at law to redress this delay.

42. Plaintiffs are entitled to relief in the nature of mandamus pursuant to 28 U.S.C. § 1361 to compel Defendants to timely decide their I-130 petition.

**PRAYERS FOR RELIEF**

WHEREFORE the Plaintiffs respectfully pray that this Honorable Court grant the following relief:

(a) Assume jurisdiction over the subject matter of this case;

(b) Declare that Defendants' delay in adjudicating Plaintiffs' I-130 petition is unreasonable under the APA, 5 U.S.C. § 701(1); 5 U.S.C. § 555(b);

(c) Order Defendants to comply with their duty to expeditiously adjudicate the Plaintiffs I-130 Petition for Alien Relative within a period of time specified by the Court;

(d) Issue a writ of mandamus directing Defendants to immediately adjudicate Plaintiffs' I-130 petition;

(e) Award the Plaintiffs all costs and reasonable attorneys' fees associated with this matter; and

(f) Grant such other relief at law and in equity as justice may require.

**Respectfully Submitted,**

Martinez Immigration Law LLC

By:_/s/__Andrea C. Martinez
ANDREA C. MARTINEZ, Esq.
Missouri Bar #59834
Martinez Immigration Law LLC
7000 NW Prairie View Rd., Ste. 260
Kansas City, MO 64151
(816) 491-8105: phone
(816) 817-2480: fax
andrea@martinezimmigration.com

By:_/s/__Megan B. Galicia
MEGAN B. GALICIA, Esq.
Missouri Bar # 69084
Martinez Immigration Law LLC
7000 NW Prairie View Rd., Ste. 260
Kansas City, MO 64151
(816) 491-8105: phone
(816) 817-2480: fax
megan@martinezimmigration.com

Counsel for the Plaintiffs